Terry D. Clayborn                                          Case: 1:18-CV-03452

Plaintiff                                                         Hon:  Steven C. Seeger

V

Walter Investment Management, Ditech Financial, LLC

Defendant

## Motion For DEFAULT JUDGMENT

Motion: To Walter Investment Management Corporation

Plaintiff,  commenced this civil action pursuant to:  (1) Sections 1054 and 1055 of the Consumer Financial Protection Act of2010 ("CFPA"), 12 U.S.C. §§ 5564, and Illinois Consumer Fraud and Deceptive Business Practices Act, **(815 ILCS 505/) Consumer Fraud and Deceptive Business Practices Act,** violation of Federal Government Public Law 110-343) [12U.S.C.5201 et seq.} and 12 U.S. Code § 5219a. Home Affordable Modification Program guidelines and Public Law 110-343) [12U.S.C.5201 et seq.]

This court may enter default judgment when a defendant fails to respond to a complaint and court orders and fails to participate in the litigation or cooperate in good faith with the plaintiff. Tara Prods., Inc. v. Hollywood Gadgets, Inc., 449 F. App'x 908, 910-12 (11th Cir. 2011); Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc., 561 F.3d 1298, 1307 (11th Cir. 2009); Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir. 1987). Default judgment is appropriate here against Corporate Defendants because they have failed to file answers or otherwise appear, participate in Mandatory Discovery Project and defend the claims brought against them. Corporate Defendants' liability is well-pled in the Complaint, and Corporate Defendants have failed to participate in the litigation in good faith. Pursuant to Fed. R. Civ. P. 55(b)(2), upon application by Plaintiffs, the Court now enters a default judgment against Corporate Defendants for violations of Regulations. (735 ILCS 5/2-1301) (from Ch. 110, par. 2-1301)

Sec. 2-1301. Judgments - Default - Confession. (a) The court shall determine the rights of the parties and grant to any party any affirmative relief to which the party may be entitled on the pleadings and proofs. Judgments shall be in the form required by the nature of the case and by the recovery or relief awarded.

1. This Court has jurisdiction over the subject matter of this case and over Corporate Defendants pursuant to 12 U.S.C. § 5565(a)(1) and 28 U.S.C. §§ 1331, 1345, and 1367. 2. Corporate Defendants have been properly served with the Summons and Complaint. 4. Corporate Defendants have failed to answer or otherwise defend this action. 5. The Complaint states a claim upon which relief can be granted. 6. Because of Corporate Defendants' default, Corporate Defendants are deemed to have admitted the well-pled facts of the complaint and the allegations are taken as true. Eagle Hosp., 515 F.2d at 1307; Buchanan, 820 F.2d at 361.

Plaintiff is entitled to an Order imposing permanent injunctive relief; requiring Corporate Defendants to make restitution of $1,900,000 and requiring Corporate Defendants to pay civil money penalties. This action and the relief awarded herein are in addition to, and not in lieu of, other remedies as may be provided by law, including both civil and criminal remedies.

Default Amount: $1,900,000.

Each corporation existed "to participate in the same mortgage relief operation," with roles ranging from giving "consumers the impression of a legitimate law firm" to "funnel[ing] revenue to non-attorneys," to operating the "telemarketing boiler rooms that convince[ d) consumers to pay fees. Corporate Defendants commingled finances; paid each other's rents; shared a common address; shared employees; and operated under the common control of the same principals: Harper, Willcox, and Hoffman. Corporate Defendants "all exist[ ed] for the single purpose of

selling consumers mortgage assistance relief services and splitting the profits among the individual defendants. None of the companies had any other business purpose. Corporate Defendants operated as a common enterprise in effectuating the alleged mortgage relief scheme, and are therefore jointly and severally liable for all of the violations alleged in the complaint. Where one or more corporate entities operate in a common enterprise, each may be held liable for the deceptive acts and practices of the other. Sunshine Art Studios, Inc. v. FTC, 481 F.2d 1171, 1175 (1st Cir.l973); FTC v. Wolf, No. 94-8119-CIV -FERGUSON, 1996 WL 812940, *7-8 (S.D. Fla. Jan. 31, 1996); Commodity Futures Trading Comm 'n. v. Int'l Berkshire Grp. Holdings, No. 05-61588-CIV-ALTONAGA, 2006 WL 3716390, *7 (S.D. Fla. Nov. 3, 2006). 15. The Court, in its discretion, enters injunctive and monetary relief, without holding an evidentiary hearing. Tara Prods., Inc. v. Hollywood Gadgets, Inc., 449 F. App'x 908, 911-12 (11th Cir. 2011 ).

**Requesting Default Judgement in the amount of : $1,900,000.**

*Respectfully Submitted, /s/ Terry D. Clayborn, P.O. Box 55, Chicago Heights, IL. 60412 (708-466-9008). Email: Legalprice03@gmail.com*